FILED'08 SEP 30 10:07 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID KING,                                )
                                           )
            Plaintiff,                     )    Civil No. 07-6171-JO
                                           )
        v.                                 )    <u>OPINION AND ORDER</u>
                                           )
COMMISSIONER, SOCIAL SECURITY              )
ADMINISTRATION,                            )
                                           )
            Defendant.                     )

Alan S. Graf
ALAN STUART GRAF, PC
P. O. Box 98
Summertown, TN  38483

   Attorney for Plaintiff

Franco L. Becia
Assistant Regional Counsel
Jeffrey Hugh Baird
Special Assistant United States Attorney
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075

Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Defendant

JONES, Judge:

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") under Title II, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act. See 42 U.S.C. §§ 401-34, 1381-83f. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Following a careful review of the record, I conclude that the decision of the Commissioner must be reversed and remanded for the immediate calculation and award of benefits.[1]

## ADMINISTRATIVE HISTORY

Plaintiff, David King, was born August 27, 1951, and therefore was fifty-three on November 12, 2004, the onset date of his alleged disability. Tr. 12.[2] Plaintiff completed high

---

[1] In Shalala v. Shaefer, the Supreme Court held that the fourth and sixth sentences of 42 U.S.C. § 405(g) set forth the "exclusive methods" for remanding a case to the Commissioner. 509 U.S. 292, 296 (1993) (citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991)); *see also* Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) (citing Shaefer, 509 U.S. at 296). A "sentence four" remand is a final judgment on the merits, so that the district court relinquishes jurisdiction over the case. See Forney v. Apfel, 524 U.S. 266, 269 (1998) (citations omitted) (holding that judgment following a "sentence four" remand is final and appealable); *and see* Akopyan, 296 F.3d at 854 (citing Shaefer, 509 U.S. at 297).

[2] Citations to the official transcript of the Social Security administrative record (# 12), filed with the court on September 5, 2007, are referred to throughout as "Tr."

2 - OPINION AND ORDER

school and took courses to receive a certificate in accounting in 1984, and additional courses to receive a certificate to teach English overseas in 2006. Tr. 355. Just before the onset of his disability, plaintiff worked as a hospital billing clerk. Tr. 12. Before that, he worked as a hospital admitting clerk. Tr. 12. Plaintiff stopped working because he was unable to complete the tasks of his job in the time allotted. Tr. 361. After the onset date of the alleged disability, plaintiff worked for two months in China teaching English, and parked cars for ten days upon his return to the United States. Tr. 357. Neither job was found to constitute substantial gainful activity because both were brief and plaintiff's earnings were minimal. Tr. 13.

Plaintiff protectively filed his applications for disability benefits on November 22, 2004. Tr. 54. He alleges that as of November 12, 2004, he is disabled due to a combination of impairments which include: Crohn's disease, chronic insomnia, anxiety, depression, and arthritis related to Crohn's disease. (Pl.'s Opening Br. (# 17) at 12.) His applications were denied initially and on reconsideration. Tr. 39, 45. Plaintiff requested a hearing, which was held before an Administrative Law Judge ("ALJ") on September 11, 2006. Tr. 12. Plaintiff appeared and testified via video teleconference. Tr. 12. He was represented by attorney Brent Wells. Tr. 351. Jim vanEck, a vocational expert ("VE"), also testified. Tr. 351. On December 27, 2006, the ALJ issued a decision denying plaintiff's applications after finding that plaintiff was not disabled as defined by the Social Security Act and therefore was not entitled to a period of disability, DIB, or SSI benefits. Tr. 17. The Appeals Council declined to review plaintiff's claims, rendering the ALJ's decision the final decision of the Commissioner. Tr. 4.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and is supported by substantial evidence. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a mere scintilla but less than a preponderance. Andrews, 53 F.3d at 1039. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). In making a determination, this court must weigh all the evidence, both that which supports and that which detracts from the Commissioner's decision. Andrews, 53 F.3d at 1039. Additionally, the Commissioner is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the Commissioner's decision results from a rational interpretation of the evidence, it must be upheld, even if other rational interpretations are possible. Id.

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ utilized a five-step sequential evaluation process, as required, to determine whether plaintiff is disabled. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden on the first four steps to prove disability and inability to perform any past relevant work. Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). If the claimant is successful in establishing these four steps, then the burden shifts to the Commissioner on the fifth step to show the existence of a sufficient number of jobs that claimant can perform. Id. If the Commissioner cannot meet this burden, then the claimant is disabled within the meaning of the Social Security Act. Id.

Addressing the first step, the ALJ found that plaintiff has not participated in any substantial gainful activity since the onset date of his alleged disability. Tr. 16. On the second

step, the ALJ found that plaintiff suffers from the severe impairments of Crohn's disease, chronic insomnia, anxiety, and depression. Tr. 16. On the third step, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of any impairment in the Listing of Impairments. Tr. 16. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. On the fourth step, the ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform sedentary work. Tr. 16. Specifically, the ALJ found that plaintiff could occasionally lift, carry, push, and pull up to ten pounds; occasionally climb, balance, kneel, crouch, and reach; stand for up to two hours at a time; and work eight hours daily during the daytime. Tr. 15. Based on the testimony of the VE, the ALJ also found that plaintiff could perform his past relevant work of Teacher Aide II. Tr. 16. Because the ALJ concluded at step four that plaintiff was not disabled, he did not reach step five of the sequential evaluation. Tr. 16. While the parties do not dispute the ALJ's determination at step one, steps two through five are at issue in this case.

## DISCUSSION

Plaintiff challenges the Commissioner's final decision on the grounds that the ALJ erred in finding that plaintiff could perform past relevant work and that consistent with the Medical-Vocational Guidelines ("Grids"), he should be found disabled. (Pl.'s Opening Br. at 15, 17.) Additionally, plaintiff argues that the ALJ improperly disregarded evidence from his treating physician, James E. Heder, M.D., improperly rejected his complaint regarding how many hours he could work, and incorrectly assessed his RFC. Id. at 12, 14. Plaintiff also argues that his severe impairments include arthritis related to Crohn's Disease. Id. at 12.

Defendant requests that this court remand the ALJ's decision to reevaluate and further develop medical evidence from Dr. Heder, reevaluate plaintiff's credibility, and resolve conflicts

5 - OPINION AND ORDER

between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"). (Def.'s Mem. in Supp. of Mot. to Remand (# 22) at 9.) Defendant further requests that on remand and in light of these reevaluations, steps three through five of the sequential analysis be reconsidered by the ALJ. Id.

Defendant stipulated to plaintiff's statement of the procedural background and accepted the ALJ's summary of the facts. Id. at 2. Therefore, I will not restate the facts of the case except as necessary to explain my decision. The parties agree that the case must be remanded, but dispute the scope of the remand. This court has the discretion to decide whether to remand for further proceedings or whether to remand for immediate payment of benefits. Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). A remand for an award of benefits is appropriate where no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. Id.

## I.  Claimant's Ability to Perform Past Relevant Work

Plaintiff argues that the ALJ improperly determined that he could perform his past relevant work as a Teacher Aide II under step four of the sequential analysis. (Pl.'s Opening Br. at 15.) Specifically, plaintiff argues that he is only able to perform sedentary work and therefore is unable to perform the job of Teacher Aide, which is categorized in the DOT as light work. (Pl.'s Opening Br. at 15); *and see* DOT 249.367-074. Plaintiff argues that the ALJ's conclusion that he could perform past relevant work as a Teacher Aide is not based on substantial evidence and is in error. (Pl.'s Opening Br. at 15.) Defendant concedes that there is a conflict between the VE's testimony and the DOT and therefore requests that this case be remanded for

reconsideration of the conflict and reevaluation of whether plaintiff can perform past relevant work. (Def.'s Mem. in Supp. of Mot. to Remand at 8.)

The ALJ determined, based on the medical evidence, that plaintiff possesses the RFC to "perform a wide range of sedentary work as specified in the hypothetical question posed to the vocational expert." Tr. 15, 16. In his hypothetical to the VE, the ALJ described an individual who can occasionally lift, carry, push, and pull up to ten pounds; who can stand or walk for four out of eight hours and sit for four out of eight hours; and who can work only during the daytime. Tr. 383. Based on this hypothetical, the VE testified that an individual with these exertional limitations could perform the past relevant work of Teacher Aide II as it is generally described in the economy. Tr. 384; *see also* DOT 249.367-074.

The VE acknowledged that the Teacher Aide position is classified as light work in the DOT, but maintained that plaintiff, even with his sedentary RFC, could still perform the job. Tr. 389; DOT 249.367-074. When VE testimony conflicts with the DOT, neither automatically "trumps" the other. SSR 00-4p *available at* 2000 WL 1765299 at *2. Instead, an "adjudicator must resolve the conflict by determining if the explanation given by the [vocational expert] or [vocational specialist] is reasonable and provides a basis for relying on the [vocational expert] or [vocational specialist] testimony rather than on the DOT information." Id. The ALJ did not resolve this conflict on the record. Here, given the regulatory definition of light work and plaintiff's limited RFC, there is no reasonable basis to support the VE's testimony that plaintiff can perform the job of Teacher Aide; therefore, I conclude that the DOT overrides the testimony of the VE. *See* Id. at *3.

Under the regulations, light work jobs are distinguished from sedentary jobs in that they have increased lifting, increased walking and standing, or increased arm and leg movement requirements. 20 C.F.R. § 404.1567. Thus, a light work job is defined as one requiring occasional lifting of twenty pounds and frequent lifting of ten pounds, frequent standing or walking, or sitting with frequent pushing or pulling of arm and leg controls. Id. In the case of the Teacher Aide job, the VE explained that it is classified as light work due to "the fact that you need to be up on your feet and be able to move around rather than exertional requirements." Tr. 389.

Applying the medical-vocational rules ("Grids") found at 20 C.F.R. pt. 404, Subpt. P, Appendix 2, for a job to be classified as light work instead of sedentary work due to standing requirements rather than lifting requirements, the job must require frequent standing or walking. SSR 83-10 *available at* 1983 WL 31252 at *5. "Frequent" is defined as occurring from one-third to two-thirds of the time. Id. at *6. Therefore, a light work job requiring frequent standing or walking "requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday." Id. There is no evidence to support a conclusion that plaintiff is able to stand or walk for six hours. In his findings, the ALJ stated that plaintiff admitted that he could stand for two hours at a time. Tr. 15. However, plaintiff's testimony when asked how long he could walk or stand, in total, in an eight-hour day was: "I'd say two to four hours. Two hours maximum at a time." Tr. 368. The medical evidence from Dr. Heder verifies that plaintiff can only work four hours at a time. Tr. 343. Additionally, in his hypothetical to the VE, in which the ALJ accurately described plaintiff's functional limitations, the ALJ described an individual who could stand and walk four hours each day. Tr. 16, 383. The substantial evidence in the record

8 - OPINION AND ORDER

only supports a finding that plaintiff can stand or walk for a maximum of four hours a day. Tr. 15, 16, 368, 383.

According to the ALJ's findings, plaintiff cannot move twenty pounds occasionally, nor ten pounds frequently. Tr. 15, 383. Additionally, the ALJ determined that plaintiff cannot stand or walk for six hours in an eight-hour workday. Tr. 16, 383. Therefore, despite the VE's testimony to the contrary, and the ALJ's statement in his decision that "claimant's past work as a teacher's aide was semiskilled, sedentary work," the record establishes that plaintiff cannot perform his past relevant work as a Teacher Aide because the exertional level is classified as light, and his limitations prevent him from performing any light work position that requires frequent standing or walking. Tr. 15, 389. Accordingly, the ALJ's step four finding that plaintiff is not disabled because plaintiff could perform his past relevant work is not supported by substantial evidence and is in error.

## II.   Claimant's Ability to Perform Other Work

The ALJ did not reach step five of the sequential evaluation. If, as in this case, plaintiff shows that he has a severe impairment that keeps him from performing any of his past relevant work at step four, the burden shifts to the Commissioner to proceed to step five of the sequential analysis and prove that an individual with plaintiff's RFC, age, education level, and work experience can perform other jobs that exist in significant numbers in the national economy. Tackett, 180 F.3d at 1100. The Commissioner may establish this through testimony of a VE or through use of the Grids. Id. at 1101. At the hearing, the VE testified that based on the hypothetical limitations presented, plaintiff could perform a number of jobs such as Ticket Taker (DOT 344.667-010), Cashier II (DOT 211.462-010), and Storage-Facility Rental Clerk (DOT

295.367-026). Tr. 386-388. However, all of the jobs that the VE identified have light exertional levels. As discussed above, the record establishes that plaintiff only has the RFC to perform sedentary jobs; therefore, the VE's opinion that plaintiff can perform the jobs he identified is <u>not</u> "completely consistent with the Dictionary of Occupational Titles," and the ALJ's finding to the contrary is erroneous. Tr. 16. Finally, the VE testified that plaintiff does not have the skills necessary to transfer to sedentary work. Tr. 389. Therefore, the Commissioner cannot establish through VE testimony, or by reference to the DOT, that there is other work in the national economy that plaintiff is capable of performing.

Plaintiff argues that based on his RFC, age, education, and past work experience, he should be found disabled under the Grids. (Pl.'s Opening Br. at 17); *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 2. I agree. The ALJ found that plaintiff's severe impairments limit him to the RFC to perform sedentary work. Tr. 16. Plaintiff was fifty-three years old on the date of the onset of his alleged disability. Tr. 12. This places him in the category of "Individuals approaching advanced age" according to the Grids. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(g). Plaintiff completed high school as well as coursework to receive a certificate in accounting in 1984, and a certificate to teach English overseas in 2006. Tr. 355. There is no evidence in the record to suggest that plaintiff has received any recent education that would provide him with the skills for a direct entry into sedentary work. Therefore, under the Grids, plaintiff is classified as a "High school graduate or more–does not provide for direct entry into skilled work." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(g). Finally, the VE found Plaintiff to be semi-skilled but with no skills that are transferable to sedentary work. Tr. 15, 382, 389. Based on the VE's testimony, the ALJ's findings, and plaintiff's established RFC, age, education,

and previous work experience, I conclude that plaintiff is disabled pursuant to the Grids. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.14. Accordingly, it is not necessary to resolve plaintiff's other claims of error.

### III.  Defendant's Motion for Remand

Defendant argues that outstanding issues remain regarding Dr. Heder's medical evidence and plaintiff's credibility that must be resolved by remanding this case for further administrative proceedings. (Def.'s Mem. in Sup. of Mot. to Remand at 4.) On remand, defendant proposes that the court instruct the ALJ to perform the following tasks:

- Conduct a new hearing, further develop the record and issue a new decision;
- Reevaluate and further develop the medical evidence or record from Dr. Heder;
- Reevaluate step three of the sequential evaluation process providing specific support for his decision;
- Reevaluate Plaintiff's credibility in accordance with SSR 96-7p;
- Reevaluate steps four and step five of the sequential evaluation process with the assistance of a vocational expert, as necessary. . . . [to] resolve any conflict between the vocational expert's testimony and the Dictionary of Occupational Titles in accordance with SSR 00-4p.

Id. at 9. In other words, defendant requests a "mulligan."[3] As discussed above, it is only appropriate for this court to remand this matter for further administrative proceedings if there are outstanding issues and the record does not require a finding of disability. Holohan, 246 F.3d 1135, 1210 (9th Cir. 2001).

I conclude that the record as it currently stands, without further development of the evidence or testimony, supports a finding of disability. Indeed, applying the Grids, the record

---

[3] A free shot sometimes given a golfer in informal play when the previous shot was poorly played.

11 - OPINION AND ORDER

requires a finding that plaintiff is disabled. Therefore, further administrative proceedings would have no utility and I remand this matter for an award of benefits.

## CONCLUSION

For the reasons described above, defendant's Motion to Remand (# 21) is GRANTED IN PART; however, the Commissioner's final decision is REVERSED and this case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits consistent with this opinion.

DATED this 30 day of September, 2008.

ROBERT E. JONES
U.S. District Judge

12 - OPINION AND ORDER